UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **GRACE TEMISAN EKPERIGIN,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 3:24-cv-00232 |
| **VANDERBILT UNIVERSITY,** *et al.*, | ) |
| **Defendants.** | ) |

# ORDER

Plaintiff Grace Temisan Ekperigin, a resident of Newton, Connecticut and a current student of Vanderbilt University, has filed a pro se Complaint (Doc. No. 1) against Vanderbilt University; Neil E. Jamerson, Associate Dean for Community Standards & Student Support at Vanderbilt University; and John Doe and Jane Doe, employees of Vanderbilt University; Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2); and Emergency Petition for a Temporary Restraining Order ("Emergency Motion"). (Doc. No. 3).

The Complaint and Emergency Motion challenge Vanderbilt University's decision to expel Plaintiff, to require her to take a compulsory medical leave of absence and to direct her to vacate the campus no later than Sunday, March 3, 2024. Plaintiff alleges that Defendants are denying her a reasonable accommodation for her mental health disability (schizoaffective disorder) and have failed to provide Plaintiff with adequate due process prior to making the decision to expel her.

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). To grant such authorization, the Court requires sufficient information to determine "whether the court costs can be paid without undue hardship." Foster v. Cuyahoga Dep't of Health

1

and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001).

Plaintiff's IFP Application reflects that, as a college student on a federal work study grant and limited cash resources available to her, she is unable to bear the costs of paying the filing fee in this case. Therefore, Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

Even though Plaintiff has been granted pauper status, she is not exempt from other fees and costs in this action. Costs may include postage, copying fees, witness fees, and deposition and transcript costs. More information about proceeding in forma pauperis can be found on the Court's website and in the Court's Information Sheet entitled "In Forma Pauperis (IFP) Status for Nonprisoners" which is available from the Clerk's Office upon request at no cost.

## II. EMERGENCY MOTION

Plaintiff's motion asks the Court to issue an "emergency order . . . to stop the defendants . . . from expelling [her] from Vanderbilt and forcing [her] to go on a medical leave of absence." (Doc. No. 3 at 1). It furthers asks the Court to "allow [Plaintiff] to remain in school to finish [her] education this semester and beyond." (Id. at 15).

The Court has reviewed the Complaint and the Emergency Motion. Plaintiff alleges, among other claims, that she is an individual with a disability under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"); she is otherwise qualified (with an accommodation) to remain on campus as a full-time student; the University is subject to the requirements of the ADA; and the University has failed to make reasonable accommodations for her disability. These allegations could support a violation of the ADA.

Given the time frame and Plaintiff's pro se status, the parties shall maintain the **STATUS QUO** throughout the weekend and appear before the undersigned for a hearing to commence at 2:30 pm on Monday, **March 4, 2024**.

2

Case 3:24-cv-00232    Document 6    Filed 03/01/24    Page 2 of 3 PageID #: 37

Plaintiff is **DIRECTED** to provide immediate notice of this Order to Defendant Neil E. Jamerson.

As a courtesy, the Clerk is **DIRECTED** to email this Order to the General Counsel for Vanderbilt University, Ruby Z. Shellaway, at ruby.z.shellaway@vanderbilt.edu.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE